WALTER WEBER and MARIE WEBER, his wife, and ETHEL
    MAY WELLER, complainants-respondents,

*v.*

CHARLES M. HEATH, HOWARD HEATH and S. ROY HEATH,
    executors and trustees under the will of Samuel Heath,
    deceased; CHARLES M. HEATH and SARAH HEATH, in-
    dividually; HOWARD HEATH and ELIZABETH HEATH,
    individually; S. ROY HEATH and JANET HEATH, indi-
    vidually; HOWARD HEATH, administrator of Mary E.
    Heath, deceased, and the SAMUEL· HEATH COMPANY,
    defendants-appellants,

*v.*

NETTIE MAY WELLER and GEORGE WELLER, defendants-
    respondents.

[Argued May term, 1924.    Decided October 20th, 1924.]

Where a testator provided in his will that the net income from his
business be paid to his wife during her lifetime, the business being
carried on by his two sons, selected by him in his lifetime, through the
medium of a corporation in which the testator held all the stock ex-
cept two shares, a contract having been made by the corporation with
the two sons to pay them a stipulated salary for five years from the
time of the organization of the corporation, it is not the duty of the
two sons, who were trustees under their father's will, to terminate
at the expiration of the five-year term, their contracts for salary, it
being the evident intention of the testator that his sons should con-
tinue to manage the business and personally conduct and carry on the
same after the five-year term had expired.

On appeal from a decree advised by Vice-Chancellor
Buchanan.

*Mr. Linton Satterthwaite,* for the appellants.

*Mr. William J. Backes,* for the complainants-respondents.

*Messrs. Wicoff & Lanning,* for the defendants-respondents,
Nettie M. Weller and George Weller.

The opinion of the court was delivered by

KALISCH, J.

This appeal challenges the legal propriety of the court of chancery to direct the master named therein "to take an account of all moneys taken and received by Howard Heath and S. Roy Heath by way of salaries as officers of the Samuel Heath Company since the expiration of the five-year period mentioned in the agreements of January 7th, 1907, set forth in the bill of complaint."

The prayer of the bill is for a discovery and accounting by the executors and trustees under the will of Samuel Heath, deceased.

The contention on behalf of the appellants is that the facts, as developed by the testimony, under legal and equitable rules, laid no proper basis for that part of the decree appealed from and as above indicated.

Samuel Heath died on December 15th, 1907, at an advanced age. In his lifetime he was the owner of a valuable lumber business in Trenton, which he had conducted successfully and profitably for a number of years. In his employ was his son Howard, who was its manager. Another son, Roy, was employed elsewhere.

On January 5th, 1907, a corporation was organized by Samuel Heath and his two sons, Howard Heath and S. Roy Heath, as incorporators. Samuel Heath transferred the lumber company's assets of the appraised value of $54,000 to the newly-formed corporation, and as a consideration for such transfer he retained five hundred and forty shares of stocks out of a total of five hundred and forty-two issued, of the par value of $100 per share, and assigned the two remaining shares to his sons, Howard and Roy Heath, giving each one share. Samuel Heath was made the president, Howard the general manager, and Roy secretary and treasurer. A few days after the organization of the company, on January 10th, 1907, it entered into two separate contracts, in writing, one with Howard and the other with Roy, by which the two latter were to devote all their entire time and attention to the busi-

40

ness, and not engage in any other occupation, for which service they were to be compensated by an annual salary of fifty per cent. of the net profits of the business, to be paid to each, after first deducting five per cent. dividend upon the capital stock of the company. These contracts were to run for a period of five years, and thereafter to continue from year to year until terminated by a three months' notice in writing, given by either party to the other. Subsequent to the making of these contracts, on January 17th, 1907, Samuel Heath made a will, and died on December 15th, 1907. He appointed his three sons, Howard, Roy and Charles M., executors and trustees under the will, and directed that the net income of his estate should be paid to his wife during her life. She died on the 20th day of June, 1920. From the time of the testator's death until the institution of these proceedings in the court below, in the month of October, 1922, the business of the corporation was carried on prosperously by the testator's two sons Howard and Roy, who were selected by their father in 1907 to take charge of and manage it.

The theory of the bill of complaint and the point stressed in support thereof in the briefs of counsel of respondents are that under the testator's will it was the duty of Howard and Roy Heath, as trustees, to terminate at the expiration of the five-year term, the contracts made by the company with them on January 7th, 1907, and that they were obligated to do this, as representatives of the estate to procure for it large profits earned by the company, and having failed in the performance of this duty, and continuing to take the profits, they were in the position of trustees making contracts with themselves as individuals for their individual benefit.

The untenability of this position in the light of the undisputed facts is transpicuous.

At the time the contracts were entered into the testator was in his eightieth year, and naturally was solicitous that the business which he established originally should be continued by his sons on a prosperous basis in order to lend stability to the value of his shares of stock and to make possible the yield and payment of a dividend of five per cent. on the cap-

ital stock, out of the salaries fixed for Howard and Roy Heath. That it was the intention of the testator that his two sons Howard and Roy Heath should continue to control and manage the business and to personally conduct and carry on the same after the testator's death in accordance with the terms of the contracts made by the company with them receives strong support from that portion of the testator's will, made seven days after the contracts were entered into, wherein he says:

"I direct my said trustees or the survivors or survivor of them to transfer, assign and set over to my sons, Howard Heath and S. Roy Heath, if living, their said equal shares of my estate in the capital stock of the Samuel Heath Company, it being my intention and desire that their shares of my estate shall be transferred to them in such form as to permit them to carry on the business formerly conducted by me."

To carry out the respondents' theory to a logical sequence, it became the duty of the trustees, after the five-year term of their contracts with the corporation had expired, to cease to function in the capacity in which each was employed and to have proceeded to substitute in their places disinterested persons, and because the trustees failed in so doing they violated their trust and should be made to account for all salaries and moneys received by them as officers of the Samuel Heath Company since January 1st, 1912. But this seems to be inherently absurd. Such a course of business conduct might tend to interfere with the prosperity of the business, if not, entirely, to ruin it. It would seem that the business was much more likely to be prosperous and profitable after the expiration of the five years under the same management than if it had been turned over for that purpose to others who had no interest in the business except the money they could make out of it in the way of salary.

The facts fail to disclose any dereliction on part of the trustees in the performance of their duties. That burden was imposed by law on the complainants. It nowhere appears that the continued management of the business of the corporation by the trustees was detrimental to the interests

of the *cestui que trusts.* Such proof is utterly lacking, and in order to compel an accounting it was essential that it should have appeared that the action of the trustees in failing to terminate the contracts was injurious to those interests, and would have warranted the orphans court in removing them from their trusteeship.

The decree is reversed in so far as it directs the master to take an account of all money taken and received by Howard Heath and S. Roy Heath by way of salaries as officers of the Samuel Heath Company since the expiration of the five-year period mentioned in the agreement of January 7th, 1907.

*For affirmance*—LLOYD—1.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, CAMPBELL, WHITE, VAN BUS-KIRK, CLARK, MCGLENNON, KAYS—12.